# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 10-40254
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JOAQUIN MORALES,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1242-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Joaquin Morales pleaded guilty of possession with intent to distribute cocaine and was sentenced as a career offender at the bottom of the guidelines imprisonment range to a 262-month term of imprisonment and to a five year period of supervised release. Morales contends that the sentence is substantively unreasonable because application of the career offender guideline produced a sentence greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40254

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). Where, as here, an issue was not preserved in the district court, this court's review of the substantive reasonableness of the sentence is for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009); *see also United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 129 S. Ct. at 1429. If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Citing *United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006), the Government contends that the 262-month sentence is presumptively reasonable because it is within the correctly calculated guidelines range. Morales contends that the appellate presumption of reasonableness should not apply because the career offender guideline is not empirically based. Morales's argument ignores and is foreclosed by this court's holding in *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

The record reflects that the district court considered and applied the section 3553(a) factors. Because the district court's within guidelines sentence is presumptively reasonable, and because Morales has not rebutted that presumption, Morales has not shown that the district court plainly erred by imposing a substantively unreasonable sentence. *See Mondragon-Santiago*, 564 F.3d at 367; *see also Whitelaw*, 580 F.3d at 259-60; *Alonzo*, 435 F.3d at 554-55. The judgment is AFFIRMED.